IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CR. No. C-01-259 (2) |
| | § | C.A. No. C-07-331 |
| GRACIELLA ARTEAGA, | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING PETITION FOR AUDITA QUERELA,
CONSTRUING MOTION AS § 2255 MOTION AND
DISMISSING FOR LACK OF JURISDICTION,
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

On July 31, 2007, the Clerk received from Graciella Arteaga ("Arteaga") a document styled as an "*Audita Querela* Motion to Review Sentence Pursuant to Intervening Change of Law." (D.E. 181.)[1] For the reasons set forth below, the Court DENIES Arteaga's petition for a writ of error audita querela. It construes her motion instead as a motion pursuant to 28 U.S.C. § 2255, which is DISMISSED FOR LACK OF JURISDICTION. The Court also denies her a Certificate of Appealability.

**I. FACTS AND PROCEEDINGS**

On August 16, 2001, Arteaga was charged in a single count indictment with conspiracy to knowingly and intentionally possess with intent to distribute more than one thousand kilograms of marijuana , in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). (D.E. 1.) Arteaga pleaded guilty pursuant to a written plea agreement, and this Court accepted her guilty plea at her rearraignment on January 31, 2002. (D.E. 76, 77.)

---

[1] Docket entries refer to the criminal case, C-01-cr-259.

1

Arteaga was sentenced on August 30, 2002. Although Arteaga's guideline range was 188 to 235 months, the government moved for a reduction for substantial assistance, which was granted. (D.E. 158, Sentencing Transcript ("S. Tr.") at 20, 23.) This Court sentenced Arteaga to a 122-month term of imprisonment in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and imposed a $1000 fine and a $100 special assessment. (D.E. 137.) Judgment of conviction and sentence was entered on September 6, 2002. (D.E. 137.) Arteaga timely appealed, and the Fifth Circuit affirmed this Court's judgment. (D.E. 163, 165.) Arteaga did not file a petition for writ of certiorari.

On November 22, 2004, the Clerk of this Court received Arteaga's motion for relief pursuant to 28 U.S.C. § 2255. (D.E. 168.) The Court denied her § 2255 motion by order and final judgment entered March 31, 2005. (D.E. 177, 178.) Arteaga did not appeal. On July 31, 2007, the Clerk received from Arteaga the motion addressed herein.

## II. DISCUSSION

### A. Petition for Writ of Audita Querela

#### 1. Movant's Allegations

As noted, Arteaga's motion to seek relief through a writ of *audita querela*. She devotes a large portion of her motion to arguing that relief is available through *audita querela* and citing case law on the topic. (See D.E. 181 at 3-4, 8-14.) She claims that hers is an extraordinary case warranting *audita querela* relief and a "review" of her sentence for three primary reasons.

First, she claims that she gave substantial assistance, even after her sentencing, that was not met with a government motion for downward departure, as she had been told it would. (D.E. 181 at 5-6 and Exhibit C.) Although she acknowledges that she received a downward departure at

2

sentencing, she references efforts after her sentencing, including her availability to testify at a trial in Virginia, that she believes warrant an additional departure. She complains that she has written to the Assistant United States Attorney ("AUSA") who prosecuted her case, Robert Galvan, but that he is no longer an AUSA and has not moved for an additional reduction in her sentence.[2] Notably, however, she admits in that letter that, although available, she did not testify at the Virginia trial, apparently because AUSA Galvan "had doubts about [her] testimony." (D.E. 181 at Exhibit C, page 2.)[3]

Second, she claims that she was "under the direction" of her co-defendant husband "in everything including the criminal activities." (D.E. 181 at 6.) She appears to be arguing from this that she is "innocent."

Third, Arteaga claims that she has suffered a "large burden" during her incarceration. She complains that she was not allowed a phone call with her incarcerated husband before he died, and that she was instead "mistreated" while begging for a phone call. She further explains that she has not

---

[2] In a related argument, Arteaga takes a portion of the Court's order denying her § 2255 motion out of context and argues from this that the Court believed it was granting a larger departure than it did. (D.E. 181 at 5.) She is incorrect. The Court granted a 66-month departure, or 1/3 of her sentence, based on Arteaga's substantial assistance. The portion of the Court's order on which Arteaga relies was addressing her ineffective assistance claim. Therein, the Court made the point that her *original* guideline sentence, before her attorneys successfully argued several objections on her behalf, was 292 months. It then noted:

> These recommendations were made and adopted by the Court, resulting in a greatly reduced sentence for Arteaga. Thus, she received a reduction in her guideline sentence due to the efforts of her attorneys, and she also received a downward departure upon motion of the government, resulting in a sentence 170 months shorter than the lowest end of her original guideline sentence, i.e., 122 months, instead of 292.

(D.E. 177 at 25.) As is clear from the foregoing quotation, the Court was *not* stating that Arteaga had received a 170-month reduction solely because of the downward departure motion, but that she had received such a reduction, due to an an overall reduction in her guideline sentence *and* a downward departure, a reduction she would not have received had her attorneys been ineffective.

[3] Despite this admission, out of an abundance of caution, the Court is by separate order requiring the government to respond to Arteaga's allegations that she provided substantial assistance after her sentencing.

qualified for certain programs within the BOP (such as a reduction in sentence for completion of the BOP's Drug Treatment Residential Program) because her "citizenship status was not resolved before or during sentencing." (D.E. 181 at 7-8.) Finally, she complains that the BOP has not allowed her to be transferred to another facility where she could be closer to her daughter, who is currently ill and unable to travel to visit her. (D.E. 181 at 8.)

For the reasons set forth herein, Arteaga is not entitled to relief under the writ of *audita querela*.

**2.     Analysis**

As an initial matter, it is questionable whether the writ of *audita querela* even remains as an avenue for relief in any case. But it is clear that the writ is unavailable where, as here, the relief could be sought through 28 U.S.C. § 2255. As the Fifth Circuit has explained:

> Failing a successful challenge to his guilty plea under § 2255, [Defendant] also asks for a writ of *audita querela* under the All Writs Act. This is a slender reed upon which to lean. The writ of *audita querela* permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment. It is an open question whether the obsolescent writ survives as a post-conviction remedy. In any case, the defense against the judgment must be based in law, not in equity. United States v. Reyes, 945 F.2d 862 (5th Cir. 1991). There is no defect in the judgment below based in law. Moreover, the writ is not available where, as here, the defendant may seek redress under § 2255.

United States v. Banda, 1 F.3d 354, 356 (5th Cir. 1993). Cf. Fed. R. Civ. P. 60(b) ("Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review are

abolished."). Because Arteaga could seek redress under § 2255,[4] then, the writ of *audita querela* is unavailable to her. See Banda, 1 F.3d at 356.

Moreover, although Arteaga would likely be unsuccessful in obtaining relief under § 2255, that is of no import. Notably, "[t]he fact that the movant cannot meet the requirements for bringing a successive 28 U.S.C. § 2255 motion does not render the 28 U.S.C. § 2255 remedy unavailable" so as to make the writ of *audita querela* available. United States v. Mason, 131 Fed. Appx. 440 (5th Cir. 2005) (citing Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000)); Clark v. United States, 112 Fed. Appx. 368 (5th Cir. 2005)("Neither an unsuccessful § 2255 motion nor an inability to meet the requirements for a successive § 2255 motion will render the § 2255 remedy unavailable.").

Based on the foregoing, the writ of *audita querela* is not available to Arteaga. Her petition for a writ of audita querela is therefore DENIED.

Rather, the only vehicle through which she can seek relief in the form of a reduced sentence is § 2255. Although the Supreme Court's decision in Castro v. United States, 124 S. Ct. 786, 792 (2003) places limitations on a district court's recharacterization of a *pro se* litigant's post-conviction motion as a first § 2255 motion. Castro is not implicated here, however, because this is not Arteaga's first § 2255 motion. United States v. Lloyd, 398 F.3d 978, 980 (7th Cir. 2005) ("A captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so Castro's warn-and-allow-withdrawal approach does not apply.").

---

[4] The only relief Arteaga asks for is a review and reduction in her criminal sentence. Nonetheless, to the extent she is also attempting to challenge her assignment within the BOP, or the BOP's calculation of her sentence, such challenges should be brought under 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990). In any event, this Court is not the proper Court for any § 2241 motion by Arteaga, which should be filed in the in the district where she is incarcerated. See Pack, 218 F.3d at 451.

As noted, Arteaga has already filed one § 2255 motion, which was denied by this Court. Construing her most recent filing as a § 2255 motion, this Court is without jurisdiction to consider it. Specifically, the statute provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. In accordance with the above, Arteaga was required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. See Tolliver, 211 F.3d at 877; 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Her motion does not indicate that she has sought or obtained such permission. Until she does so, this Court does not have jurisdiction over her § 2255 motion.

Accordingly, Arteaga's petition for a writ of audita querela is DENIED. Instead, the motion is construed as a motion for relief under 28 U.S.C. § 2255, and that motion is DISMISSED FOR LACK OF JURISDICTION.

**B.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Arteaga has not yet filed a notice of appeal, this Court nonetheless

addresses whether she would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added). It is unnecessary for the Court to address whether Arteaga's petition states a valid claim of the denial of a constitutional right, because she cannot establish the second Slack criteria. That is, the Court concludes that reasonable jurists could not debate the denial of Arteaga's § 2255 motion on procedural grounds. Under the plain record of this case, her motion is second or successive, and she has not sought authorization from the Fifth Circuit to file it. Accordingly, Arteaga is not entitled to a COA.

### III. CONCLUSION

For the above-stated reasons, Arteaga's petition for writ of error audita querela (D.E. 181) is DENIED. Instead, her motion is construed as a § 2255 motion and is DISMISSED FOR LACK OF JURISDICTION. She is also DENIED a Certificate of Appealability.

Finally, because Arteaga's motion is being construed as a motion pursuant to 28 U.S.C. § 2255, the Clerk is hereby directed, for statistical and administrative purposes, to: 1) open a new civil action as related to Arteaga's § 2255 motion; 2) docket both her motion (D.E. 181) and this Order in the civil case; and 3) to close the civil case on the basis of this order.

ORDERED this 6th day of August, 2007.

_____
Janis Graham Jack
United States District Judge